UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHRIS L. DASHNER,

    Plaintiff,

v.

CSX TRANSPORTATION, INC.,

    Defendant.

Case No. 07-cv-812-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant's Motion for Partial Summary Judgment (Doc. 28). Plaintiff Chris L. Dashner filed a Brief in Opposition to Defendant's Motion for Summary Judgment (Doc. 35), and Defendant CSX Transportation, Inc. filed a Reply to Plaintiff's Brief Opposing Summary Judgment as to Count I of Plaintiff's Complaint (Doc. 36). For the following reasons, the Court **DENIES** the Motion.

### BACKGROUND

**I. Procedural Posture**

On November 26, 2007, Plaintiff Chris L. Dashner filed this action against Defendant CSX Transportation, Inc. under the Federal Employer's Liability Act (FELA), 45 U.S.C. § § 51 *et seq*. Plaintiff filed an Amended Complaint on August 28, 2008. Count I of Plaintiff's Amended Complaint alleges that Dashner's back, neck, and right knee were injured while Dashner was working for CSX. Dashner alleges that these injuries occurred because he was required to stand or kneel on uneven surfaces while working with unsafe, heavy, awkward, vibrating, and torquing equipment. Count II of Plaintiff's Amended Complaint alleges that Plaintiff's left fifth finger tip was crushed and amputated on August 10, 2005, while Plaintiff was attempting to close an unsafe door on a ballast car while working for CSX.

**II. Summary Judgment Standard**

Summary judgment is rendered when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party must identify "a basis for its contention that no genuine issue of material fact exists." *McGinn v. Burlington N. R.R. Co.*, 102 F.3d 295, 298 (7th Cir. 1996) (citing *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 428 (7th Cir. 1991)). Then, the non-moving party must "set out specific facts showing a genuine issue for trial" either through its own affidavits, or through depositions, other discovery materials, or admissions on file. Fed. R. Civ. P. 56 (e). The Court views "the record and all reasonable inferences in the light most favorable to the nonmoving party." *Williams v. Nat'l R.R. Passenger Corp.*, 161 F.3d 1059, 1061 (7th Cir. 1998).

**III. Facts**

Because the record is viewed in the light most favorable to the non-moving party, the following facts are taken from the plaintiff's deposition testimony and affidavit. Dashner began his railroad career in 1981, when he went to work for Chessie System, which later consolidated into CSX Transportation. In December 1982, Dashner became an assistant track supervisor, which involved supervising the crews who built the railroad tracks. In addition to supervising, Dashner also helped build the tracks because frequently there were not enough crew members to complete the jobs. Dashner's job title changed from assistant track supervisor to assistant roadmaster in 1992, though the responsibilities were the same. As an assistant roadmaster, approximately fifty percent of Dashner's work day involved physical activity.

The tasks Dashner performed as assistant roadmaster were repetitive and strenuous. One task involved unloading ballast from hopper cars. Ballast consists of crushed rock (or similar

materials) and is the foundation of the railroad track, while hopper cars are train cars that have back doors and collapsible undersides that facilitate rapid unloading of the ballast. Dashner and the crew members opened the underside of the hopper car, and then ballast would pour out from the hopper car as the car moved down the track. Dashner had to walk through the shifting and rolling ballast as it poured out of the hopper car. At the same time, Dashner climbed over piles of railroad ties that were left by the side of the tracks in the path of the unloading ballast. On more than one occasion, Dashner complained to his supervisors in charge of unloading the ties about where the ties were piled. Dashner asked for the piles to be placed farther from the track so that he and other employees could avoid climbing over them. His request was not granted, and he could not move them himself because there were so many.

Another strenuous activity Dashner performed was "cribbing," which involved removing mud from the railroad track and replacing it with ballast. To loosen the mud, Dashner used a pick; this task involved repetitive twisting of his body. Dashner used a pitchfork or shovel to remove the mud, and then threw ballast in to fill the holes where there had previously been mud. Sometimes, Dashner filled two buckets with ballast, and he would carry the buckets up and down the track while filling the holes. Combined, the buckets would weigh between 80 and 100 pounds. Dashner asked his supervisors for a backhoe to make the cribbing process easier, but he was told backhoes were not available.

In 1991, Dashner was promoted to the position of roadmaster, where he spent approximately 12 hours a week performing physical labor. Dashner continued to perform many of the tasks, including cribbing and track work, that he had performed as assistant roadmaster. In 2005, Dashner began experiencing severe pain in his neck, back, and right knee. Due to the pain, Dashner left CSX in September of 2005 because he felt he could no longer perform his duties.

**ANALYSIS**

Under FELA, "Every common carrier by railroad. . . shall be liable in damages to any person suffering injury while he is employed by such carrier. . . for such injury. . . resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed. . . or other equipment." 45 U.S.C. § 51. FELA was enacted to "provide broad remedial measures" to railroad employees. *Walker v. Ne. Reg'l Commuter R.R. Corp.*, 225 F.3d 895, 897 (7th Cir. 2000) (citing *Lisek v. Norfolk & W. Ry. Co.*, 30 F.3d 823, 831 (7th Cir. 1994)).[1]

A FELA claim cannot survive summary judgment unless the plaintiff has offered "evidence proving the common law elements of negligence," including duty and breach. *Williams v. Nat'l R.R. Passenger Corp.*, 161 F.3d 1059, 1062 (7th Cir. 1998) (citing *Fulk v. Ill. Cent. R.R. Co.*, 22 F.3d 120, 124 (7th Cir. 1994)). A railroad has a general duty to its employees to provide a safe workplace. *McGinn*, 102 F.3d at 300 (citing *Peyton v. St. Louis Sw. Ry. Co.*, 962 F.2d 832, 833 (8th Cir. 1992)). When determining if a railroad breached that duty, the appropriate standard of care is that of a prudent person. *Williams*, 161 F.3d at 1062 (citing *Reardon v. Peoria & Pekin Union Ry. Co.*, 26 F.3d 52, 54 (7th Cir. 1994). Thus, a railroad that fails to correct "circumstances that a 'reasonable person would foresee as creating a potential for

---

[1]For example, railroad defendants who are sued by their employees under FELA are barred from using several "traditional" liability defenses: the fellow servant rule, contributory negligence, and assumption of risk. *Green v. CSX Transp., Inc.*, 414 F.3d 758, 766 n. 2 (7th Cir. 2005) (citing *Williams*, 161 F.3d at 1061) Also, there is a relaxed standard for proving causation under FELA. *Coffey v. Ne. Ill. Reg'l Commuter R.R. Corp.*, 279 F.3d 472, 476 (7th Cir. 2007) (citing *Heater v. Chesapeake & Ohio Ry.*, 479 F.3d 1243, 1246-47 (7th Cir. 1974) ("The fact that there might have been a number of causes of the injury is . . . irrelevant as long as one cause may be attributable to the railroad's negligence."))

harm'" has breached its duty to its employees. *Id*. (citing *McGinn*, 102 F.3d at 300). Potential harm is foreseeable when the railroad knew or should have known about the harmful circumstances. *Holbrook v. Norfolk S. Ry Co.*, 414 F.3d 739, 742-744 (7th Cir. 2005). Consequently, under FELA, negligence is not established unless the plaintiff shows the defendant had actual or constructive notice of the unsafe working conditions. *Id*. at 742.

In the instant motion, CSX contends that Dashner has not presented any evidence showing that CSX failed to provide Dashner a safe workplace. However, after viewing the record and making all reasonable inferences in favor of Dashner, there is evidence of circumstances that a reasonably prudent person would foresee as potentially harmful. In his deposition and affidavit, Dashner described several arduous tasks that he performed for the railroad. One task involved unloading ballast, where Dashner walked through rock that was shifting and rolling while he climbed over piles of railroad ties. He also testified about cribbing, where he would repetitively use a pick to remove mud from the tracks, as well as carry 80-100 pounds of rock to fill in the tracks. A reasonable person could foresee that these circumstances were unsafe and would be potentially harmful to employees. Therefore, a genuine issue of material fact exists regarding whether CSX failed to provide Dashner a safe workplace.

Additionally, CSX contends that Dashner has failed to present any evidence showing that CSX had notice of any unsafe working conditions that a reasonable person could foresee as creating a potential for harm. To the contrary, Dashner's deposition testimony indicates that CSX was aware of those conditions. Dashner testified that he specifically complained to his supervisors about the piles of ties that were in his way while he unloaded ballast, and that he asked his supervisors to put the piles in a different area. Furthermore, Dashner testified that he asked for a backhoe to alleviate the strain he experienced while cribbing, but was told none were

available. Accordingly, a reasonable person could find that a genuine issue of material fact exists regarding whether CSX had notice of the unsafe conditions that caused injury to Dashner's neck, back, and right knee.

## CONCLUSION

For the foregoing reasons, the Court finds that genuine issues of material fact exist and that Defendant CSX Transportation, Inc., is not entitled to judgment as a matter of law. The Court **DENIES** Defendant's Motion for Partial Summary Judgment.

**IT IS SO ORDERED.**
**DATED: July 13, 2009**

<u>s/ J. Phil Gilbert</u>
**J. PHIL GILBERT**
**DISTRICT JUDGE**