THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHRIS L. DASHNER, )
)
    Plaintiff, )
)
vs. ) No.: 07-cv-812-JPG
)
CSX TRANSPORTATION, INC., )
)
    Defendant. )

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant's Motion for New Trial JNOV, or in the Alternative, Remittitur (Doc. 62). Plaintiff Chris L. Dashner has responded to the motion (Docs. 67 & 68).

**I.    BACKGROUND**

This Federal Employers' Liability Act (FELA) case was tried to a jury July 27, 28 and 29, 2009. The jury returned a verdict in favor of Plaintiff. The jury determined that Plaintiff's damages in Count 1 were $110,000 and that Plaintiff's contributory negligence was responsible for 47.5% of those damages. The jury determined that Plaintiff's damages in Count 2 were $30,000 and that Plaintiff's contributory negligence was responsible for 10% of those damages. The Court decreased Plaintiff's total award accordingly.

**II.    ANALYSIS**

Defendant first contends that the Court erred when it refused to instruct the jury on the issue of proximate cause in a FELA case. For the reasons given by the Court in the jury instruction conference, the Court rejects this contention.

Defendant next contends that the Court erred when it denied Defendant's Motion for a Judgment at the close of Plaintiff's case and at the end of all the evidence. The relevant inquiry for the Court is "whether the evidence presented, combined with all reasonable inferences permissibly drawn therefrom, is sufficient to support the verdict when viewed in the light most

favorable to the party against whom the motion is directed." *Emmel v. Coca-Cola Bottling Co. of Chicago*, 95 F.3d 627, 629 (7th Cir. 1996) (internal quotations omitted). Here, Plaintiff put forth sufficient evidence from which a jury could conclude that Defendant was negligent and that such negligence caused Plaintiff's injuries in whole or in part. As a result, Defendant is not entitled to judgment as a matter of law.

Defendant next contends that the Court erred in denying its motion for summary judgment. The Court can grant summary judgment only if "the pleadings, the discovery and disclosed materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). For the reasons given by the Court in its order denying the motion for summary judgment, the Court rejects this contention.

Defendant next contends that the Court erred in denying its motion to exclude the testimony of Dr. George Schoedinger on the grounds that his testimony does not satisfy the requirements of Federal Rule of Evidence 702. For the reasons stated on the record at trial, the Court rejects this contention.

Finally, Defendant contends that the jury award to Plaintiff was excessive. Because there was a rational connection between the evidence on damages and the verdict and the award was not excessive, the Court will not disturb the jury's award. *Frazier v. Norfolk & W. Ry. Co.*, 996 F.2d 922, 925 (7th Cir. 1993).

### III. CONCLUSION

The Court **DENIES** Defendant's Motion (Doc. 62).

**IT IS SO ORDERED.**
**DATED: September 14, 2009**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
